## 12474

### STATE v. STALVEY

(143 S. E., 817)

1. CRIMINAL LAW—PART OF CHARGE ALLEGED TO CONSTITUTE COMMENT ON FACTS MUST BE READ IN CONNECTION WITH OTHER PARTS OF CHARGE (CONST., ART. 5, § 26).—Part of charge alleged to constitute a charge on facts in violation of Const., Art. 5, § 26, wherein trial Judge began explanation of defense of insanity, must be read in connection with other parts of the charge.

2. CRIMINAL LAW—PART OF CHARGE THAT JUDGE COULD NOT RECALL DURING HIS EXPERIENCE ANOTHER CASE IN WHICH TEMPORARY INSANITY WAS PLEADED AS DEFENSE HELD NOT CHARGE ON FACTS OR DISPARAGING DEFENSE (CONST., ART. 5, § 26).—In murder prosecu-

tion, part of charge wherein trial Judge began explanation of defense of insanity, to the effect that he could not recall in his fifteen years' experience on the bench another case in which temporary insanity was pleaded as a defense, *held* not a charge on the facts, in violation of Const., Art. 5, § 26, or disparagement of the defense.

3. CRIMINAL LAW—FAILURE TO CHARGE JURY COULD FIND VERDICT OF MANSLAUGHTER WITH RECOMMENDATION OF MERCY HELD NOT PREJUDICIAL ERROR.—In murder prosecution, failure of Court to charge that jury could find a verdict of manslaughter, with a recommendation to mercy of the Court, *held* not prejudicial error, there being no statute providing for verdict of that kind, though it is customary for most Circuit Judges to so charge; punishment imposed being very lenient.

4. CRIMINAL LAW—KEEPING JURY TOGETHER FOR TWO DAYS AND NIGHTS HELD NOT TO SHOW TRIAL JUDGE'S EFFORT TO FORCE VERDICT IN MURDER PROSECUTION.—In murder prosecution, that jury was held together for two days and two nights in month of September *held* not to show effort on part of Judge to force a verdict, where jury on two occasions requested further instructions, and there was no complaint on their part that they were being kept too long or that they were unable to reach a verdict.

Before RICE, J., Richland, September, 1927. Affirmed.

Lillie Stalvey was convicted of manslaughter, and she appeals.

*Messrs. John W. Crews* and *Kenneth R. Kreps,* for appellant, cite: *Charge on facts error:* Art. 5, Sec. 26, Const. 1895; 51 S. C., 461; 47 S. C., 513; 67 S. E., 453; 116 S. C., 121.

*Solicitor A. F. Spigner* and *Mr. W. M. Easterling* for respondent.

June 20, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellant was charged with the murder of one Alma Finklea, in the Court of General Sessions for Richland County, and upon trial before his Honor, H. F. Rice, Circuit Judge, the jury returned a verdict finding her

guilty of manslaughter. She has appealed to this Court on three exceptions.

The first exception alleges error on the part of the trial Judge in using the following language in his charge:

"Now, what is the defense of insanity? I believe in the fifteen years I have been on the bench this is the first case I have tried—I can recall no other—in which the defense of insanity was put up; temporary insanity."

The appellant contends that the above-quoted portion of the charge was a charge on the facts in violation of Art. 5, § 26 of the Constitution. The argument of counsel for the appellant as to this exception is also to the effect that the language of the Judge "belittled" the appellant's defense.

The language quoted is from that part of the charge 1, 2 wherein the trial Judge began the explanation of the defense of insanity, which was put forth by the appellant, and it must, therefore, be read in connection with the other portions of the charge. We are unable to see wherein the language used in any wise improperly referred to the facts in the case or that thereby there was any expression by the Judge of his opinion as to any material fact.

The statement to the effect that the presiding Judge could not recall in his fifteen years' experience on the bench another case in which temporary insanity was pleaded as a defense could not have the effect of disparaging that defense. To the contrary, it appears to this Court that if it had any effect, one way or the other, it was to value the defense as being one worth while, since the statement of the Judge showed that temporary insanity had not been overworked as a defense.

Exception No. 2 complains that the Court erred 3 in failing to charge the jury that they could find a verdict of manslaughter with recommendation to the mercy of the Court. Really, we have no statute provid-

ing for a verdict of the kind mentioned. It is the custom of most of the Circuit Judges to so charge; but it cannot be held to be prejudicial error for the Judge to fail to do so. Even if the Judge should have so charged, however, we do not see any disadvantage occurring to the appellant for that reason.

Under the law in force at the time the appellant was convicted, the minimum sentence for manslaughter was from two to four years, and the maximum sentence for that crime was fifteen to thirty years. The appellant was sentenced to from three to six years' imprisonment. It is evident that the trial Judge was very lenient with the appellant in the sentence imposed.

It appears that in the consideration of their verdict the jury was held together for two days and nights in the month of September, and the appellant alleges in her third exception that because of this the jury were unfit for their duties and they were caused to reach a hasty verdict without mature consideration of the case. The record shows that the jury came out on at least two occasions and requested further information and instructions. There was never any complaint on the part of the jury that they were being kept too long or that they were unable to reach a verdict. There was no demand on the part of any juror that the jury be discharged. Under the circumstances we cannot hold that there was any effort on the part of the Judge to force a verdict. Certainly, the jury was given plenty of time to consider the case in a deliberate manner.

It is the judgment of this Court that all exceptions be overruled and the judgment of the Court below be, and is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.