## 13790

### STATE v. KING

(173 S. E., 76)

Before Townsend, J., Chester, March, 1933.

*Messrs. Hamilton & Gaston,* for appellant,

*Mr. W. Gist Finley, Solicitor,* for the State.

March 1, 1934.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

The appellant, convicted and sentenced on a charge of grand larceny, in the Court of General Sessions for Chester County, raises, in his appeal, but one question.

The main witness for the State was Lucy Reid, an old colored woman, a resident of Chester County, whose money was the subject of the alleged larceny. She identified the appellant, also colored, as being the person who stole her money.

No attack on the general reputation of Lucy Reid for truthfulness was made by the appellant.

Over the objection of the appellant, the Solicitor was permitted to present the testimony of two reputable white gentlemen that the reputation of the prosecuting witness for truthfulness, honesty, and fair dealing was good. The reason for the admission, as stated by the trial Judge, was that the witness was a colored woman, and that the jurors, who were all white, probably did not know all of the colored people of the county.

While sometimes testimony as to the good reputation for veracity of a party's witness, who is a "stranger" to the vicinage—that is, to the county in which the cause is being tried (40 Cyc., 202)—may be offered by the party (*Woods v. Thrower,* 116 S. C., 165, 107 S. E., 250, 15 A. L. R., 1062; *State v. Lyle,* 125 S. C., 406, 118 S. E., 803), it is clear that the admission of the "character evidence" in this case was error. Almost the exact point was decided in the case of *State v. Edwards,* 127 S. C., 116, 120 S. E., 490. There, the defendant, charged with highway robbery, was not allowed to offer testimony as to the good reputation for honesty and veracity of one of his witnesses, a colored man, presumably a resident of the county of the trial, whose evidence was strongly relied upon to establish an alibi; and this Court sustained the ruling of the trial Judge. Logically, if a·defendant may not show his witnesses, residents of the county of trial, to be of good reputation, then the prosecution cannot have that privilege.

The cited decision, we think, was based on good reasoning. If parties are allowed in every case to bolster up the testimony of their own witnesses, by showing that their reputations for truthfulness are good, the result would be to prolong trials almost interminably; the practice would tend to confuse the main issues to be determined by the jury; and it would not be conducive to just verdicts. See *Chapman v. Cooley,* 12 Rich. (46 S. C. L.), 654.

Our judgment is that the conviction and sentence of the appellant be reversed, and the cause remanded for another trial.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.