20320

The STATE, Respondent, v. Earl OWENBY, Appellant.

(230 S. E. (2d) 898)

Messrs. *Keith A. Gatlin* and *John C. Hayes, III,* of Rock Hill, *for Appellant,*

Messrs. *Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* and *William L. Ferguson, Asst. Sol.,* of Union, *for Respondent,*

December 6, 1976.

*Per Curiam:*

The appellant, Earl Owenby, was convicted by a jury of armed robbery and was sentenced to serve a term of eighteen (18) years in prison. He appeals, setting forth four alleged grounds of error as a basis for a new trial. We discuss only one.

In the trial of the case, witness Cook was testifying for the State and was being cross-examined by defense counsel. Cook had previously testified in the same court concerning the same facts in another case. The defendant's attorney sought to impeach Cook's credibility by questioning him relative to testimony in the previous trial alleged to be in conflict with the testimony he was currently giving the court. The trail judge refused to allow cross-examination on this point because the transcript of the previous testimony was not available for use. It was the position of defense counsel that the witness could be cross-examined without the use of the printed transcript.

We are of the opinion that the trial judge was in error. However, after careful consideration of the record before us, we have concluded that the error was harmless and does not warrant a reversal.

There appears to be, in the trial of cases, considerable misunderstanding by both the bench and the bar as to the right of counsel to cross-examine a witness concerning statements made in a prior judicial proceeding. Obviously, it is preferable to have available the written transcript taken at the former hearing, but the unavailability of such transcript does not preclude the utilization of other means of proving to the court what the witness stated on a prior occasion. In the recent case of *State v. Hicks*, 261 S. C. 247, 199 S. E. (2d) 304 (1973), evidence other than the transcript of record of prior testimony was stated to be proper for impeachment purposes. Therein Chief Justice Moss said:

"The appellant could also offer oral proof by anyone who heard the witness' testimony at the former hearing. *Brice v. Miller*, 35 S. C. 537, 15 S. E. 272." (1892)

As far back as *Brice, supra,* this Court stated:
"[I]t does not follow that where a third person, be he a stenographer or not, takes down in writing what a witness said, is the best evidence, in such a sense as to exclude any other. Stenographers are no more infallible than any other

human beings, and while, as a rule, they may be accurate, intelligent, and honest, they are not always so; and therefore it will not do to lay down as a rule that the stenographer's notes, when translated by him, are the best evidence of what a witness has said in such a sense as to exclude the testimony of an intelligent bystander, who has heard and paid particular attention to the tetsimony of the witness, as to what such witness may have said on a former trial."

If a witness admits a prior inconsistent statement there is, of course, no need for proof by any means whatsoever. If he denies a previous inconsistent statement, then it is proper to discredit him by any competent means, including the oral testimony of a person who heard the previous statement.

A full opinion discussing the other questions raised by appellant would have no precedential value and we find no error of law. The appeal is dismissed under Rule 23 of our Rules of Practice.