20378

The STATE, Respondent, v. Lawrence BARRON, Appellant.
(233 S. E. (2d) 110)

*John H. Douglas, Esq.,* of Charleston, *for Appellant.*

*Daniel R. McLeod, Atty. Gen., Sally G. Young, Staff Atty.,* of Columbia, and *Robert B. Wallace, Sol.,* of Charleston, for Respondent.

March 9, 1977.

*Per Curiam:*

Appellant was convicted of assault and battery of a high and aggravated nature and sentenced to four (4) years imprisonment. On this appeal he asserts error in the refusal of the trial judge to grant a mistrial.

The ground upon which appellant based his motion for a mistrial was the alleged error committed when the trial judge, over appellant's objection, allowed testimony as to appellant's reputation during the State's case. We agree that it was error to allow the State to introduce evidence of appellant's character when he had not first tendered that issue. *State v. Gamble,* 247 S. C. 214, 146 S. E. (2d) 709 (1966); *State v. Britt,* 235 S. C. 395, 111 S. E. (2d) 669 (1959). This was, however, harmless error due to the later admission of identical reputation testimony without objection. We have held that "the failure to object to, or failure to move to strike, testimony renders such competent, and accordingly entitled to be considered to the extent it is relevant." *State v. Frank,* 262 S. C. 526, 205 S. E. (2d) 827, 830 (1974). Since the later reputation testimony was competent, the error in allowing the earlier testimony over objection could have in no way been prejudicial to appellant. *State v. Motley,* 251 S. C. 568, 164 S. E. (2d) 569 (1968).

Accordingly, the verdict of the lower court is affirmed.