### 21356

The STATE, Respondent, v. Alexander MAYFIELD, Appellant,
(273 S. E. (2d) 530)

*Staff Atty. Vance J. Bettis of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia and *Sol. John R. Justice* and *Asst. Sol. Claude S. Coleman,* Chester, *for respondent.*

January 5, 1981.

LEWIS, Chief Justice:

Appellant seeks a reversal of his convictions and sentences of twenty-one (21) and ten (10) years for armed robbery and aggravated assault and battery, respectively. His appeal is based upon the sole ground that the trial judge erroneously refused to allow the defendant to prove an alleged prior inconsistent statement of one of the State's identifying witnesses. We affirm.

The evidence in behalf of the State was to the effect that appellant, with a juvenile codefendant whose case was disposed of in Family Court, jumped from the roof of the victim's laundromat and attacked him as he was closing, about 9:30 p. m., for the night. The victim was stabbed by appellant and his wallet was taken. The victim's two sons, ages 13 and 14, were present in a nearby truck. He called for help and told his oldest son to call the police. As his oldest son approached the door of the laundromat the two defendants ran away through a nearby illuminated car wash.

The victim and both of his sons testified. All identified appellant. Appellant attempted to discredit the father's identification by showing a recent prior altercation between the two, which arguably gave the father a reason to incorrectly implicate appellant. Testimony of the attorney, who represented appellant at the preliminary hearing, was introduced

to show the victim testified at the preliminary hearing that he did not know the appellant by name at the time of the incident, which was contrary to the trial testimony that he had previously known the defendant's name.

The testimony which forms the basis of this appeal is that of the victim's oldest son, Charlie. He was positive at the trial in his identification of appellant as one of those who attacked his father, and equally positive that he had not stated to the contrary at a previous Family Court hearing, involving his juvenile codefendant. Appellant then sought to impeach this testimony of the oldest son, through testimony of the attorney who represented the codefendant at the Family Court hearing. The attorney's testimony was offered for the purpose of showing that the oldest son had testified at the Family Court hearing that he did not recognize appellant at the scene.

The trial judge refused to admit the impeachment testimony by the attorney and, in doing so, expressed his concern that the proceedings in Family Court were privileged under Section 14-21-30, South Carolina Code of Laws, 1976, and that there was no transcript of the testimony taken before the Family Court upon which to impeach the witness.

Section 14-21-30, supra, provides, in pertinent part, that the Family Court shall make and keep records of all cases brought before it, and that such official records shall be open to inspection only by consent of the judge to persons having a legitimate interest therein. This section then states:

All information obtained and social records prepared in the discharge of official duty by an employee of the court shall be privileged and shall not be disclosed directly or indirectly to anyone other than the judge or others entitled under this chapter to receive such information, unless and until otherwise ordered by the judge.

There is nothing in the language of Section 14-21-30 to prohibit the impeachment of the witness in this trial by the

use of this testimony in the prior proceeding in Family Court. It in no way divulged "information obtained and social records prepared in the discharge of the official duty by an employee of the court," and in no way affected the integrity of the Family Court records.

The comment of the trial judge that a written transcript of the prior testimony was necessary for impeachment is contrary to our holding in *State v. Owenby*, 267 S. C. 666, 230 S. E. (2d) 898.

While the trial judge erroneously referred to Section 14-21-30 and the absence of a written transcript of the prior testimony as possible restrictions on the admissibility of the impeachment testimony, we think that his further comments indicated that he excluded the testimony in question, basically, in the exercise of his discretionary authority in evidentiary matters, applying "the test of relevancy and materiality" and whether "the proper foundation has been laid."

The trial judge properly refused to admit the alleged impeachment testimony of the attorney. The attorney attempted to testify from his recollection, apparently based upon trial notes made by him at the Family Court hearing several months before. He did not give the exact testimony or language used by the oldest son, but attempted to give his recollection of the substance of the witness' prior testimony, qualified by the statement: "As I recall from what he (the oldest son) said."

From the record before us, it is impossible to determine whether the proffered testimony of the attorney was actually inconsistent. The attorney's testimony was based upon the fact that the oldest son said that he did not recognize appellant while he and his codefendant were engaged in the encounter with the prosecuting witness. The oldest son testified to that effect at this trial. His testimony however, was positive that he *did* recognize appellant as he was fleeing the scene and looked back. The attorney admitted that, while

examining the witness at the Family Court hearing, he "didn't delve into whether he saw him (appellant) after he left." It is, therefore, doubtful whether the testimony of the attorney was inconsistent with the oldest son's prior testimony.

Ordinarily, the allowance of contradictory testimony for purposes of impeachment is within the discretion of the trial judge and his ruling thereon will not be disturbed except for manifest abuse of that discretion. *State v. McFadden,* 259, S. C. 616, 193 S. E. (2d) 536. In view of the vague, general nature of the alleged contradictory testimony and the question as to its inconsistency, there was no abuse of discretion in its exclusion.

However, under the foregoing circumstances even if the exclusion of the testimony was error, it was harmless and does not warrant reversal. *State v. Owenby,* supra, 267 S. C. 666, 230 S. E. (2d) 898.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.