277 S.C. 222 (1981)
284 S.E.2d 786
The STATE, Respondent,
v.
Patrick C. LYNN, Appellant.
21609
Supreme Court of South Carolina.
December 2, 1981.
*223 Deputy Appellate Defender Vance J. Bettis of S.C. Com'n of Appellate Defense, Columbia, for appellant.
Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Lindy P. Funkhouser and Preston F. McDaniel, and Sol. James C. Anders, Columbia, for respondent.
*224 December 2, 1981.
HARWELL, Justice:
Appellant Patrick C. Lynn was charged with the crimes of burglary and first degree criminal sexual conduct which occurred on May 17, 1980, in Columbia, South Carolina. The jury found him guilty of first degree criminal sexual conduct and not guilty of burglary. The trial judge sentenced him to imprisonment for thirty (30) years. Appellant alleges that the trial court commited several errors requiring reversal of his case. We disagree and affirm.
Appellant acted as his own co-counsel in conjunction with appointed counsel. During his cross-examination of the prosecutrix, appellant attempted to impeach her with a prior inconsistent statement. Upon her arrival at the hospital immediately after the assault, the prosecutrix had described for the attending social worker what had happened. The social worker took notes during the conversation; the notes were later incorporated into the physician's report. At trial on direct examination, the prosecutrix testified that appellant sexually assaulted her, then put a pillow case over her head, and assaulted her again. On cross-examination, the appellant questioned the prosecutrix: "Didn't you tell the social worker your assailant put a pillow case over your head and then assaulted you?" As the trial judge, defense counsel, and the solicitor were discussing whether the prosecutrix should be provided with a copy of the doctor's report before continuing her testimony, the prosecutrix interrupted. She admitted making the statement to the social worker but explained that she was very upset at the time, that she thought the social worker only wanted a general overview, and that she had later given a very detailed consistent statement after she regained her composure. Appellant excepts because the trial judge refused to allow him to proceed with cross-examining the prosecutrix on the inconsistent statement.
If a witness admits a prior inconsistent statement, he has impeached himself, and further evidence is inadmissible. State v. Owenby, 267 S.C. 666, 230 S.E. (2d) 898 (1976); McMillan v. Ridges, 229 S.C. 76, 91 S.E. (2d) *225 883 (1956); 98 C.J.S. Witnesses § 610 (1957). In addition, the cross-examination of a witness to test his credibility is largely within the discretion of the trial judge, and his decision whether to allow the contradictory testimony will not be disturbed on appeal except for manifest abuse of discretion. State v. McFadden, 259 S.C. 616, 193 S.E. (2d) 536 (1972); Elliott v. Black River Elec. Co-op., 233 S.C. 233, 104 S.E. (2d) 357 (1958). There was no abuse of discretion; the trial judge properly limited the cross-examination after the prosecutrix admitted making the prior inconsistent statement.
Next, appellant alleges error when the trial court sustained a prosecution objection without allowing him to respond. Appellant's defense to the criminal sexual assault charge was consent. Attempting to prove he knew the prosecutrix very well, appellant asked her on cross-examination several personal questions. After allowing some of appellant's questions, the trial judge sustained the State's objection when appellant asked the prosecutrix whether she preferred white wine over other alcoholic beverages. Appellant's counsel asked to make an argument on the objection, but the trial judge refused the request, citing Circuit Court Rule 11. Counsel then objected because he was not allowed to respond to the objection.
Our Circuit Court Rule 11 states in pertinent part: "No argument shall be had on any objection to the admissibility of evidence unless especially requested by the presiding judge." The trial court thus properly denied counsel the opportunity to make an argument. Appellant contends that he should have been allowed to respond to the objection. It has been stated that when an offer of proof is necessary, it is error for the trial court to refuse counsel an opportunity to state what he proposes to prove by the evidence offered. 88 C.J.S. Trial § 73 (1955). However, an offer of proof was unnecessary in this case. The answers to appellant's questions were unimportant to his defense; the questions were posed in such fashion to imply the appellant knew the prosecutrix intimately regardless of the ultimate answers; appellant was testifying without taking the stand. In any event, the right of appellant's counsel to enter objections during the trial as he saw fit was preserved; *226 appellant was deprived of no right, nor prejudiced in any way, because the trial judge apparently concluded that argument of counsel would be of no benefit in ruling upon objections made. See, State v. Swilling, 249 S.C. 541, 155 S.E. (2d) 607 (1967).
Appellant alleges that the trial court erred in refusing to grant a mistrial when evidence of appellant's bad moral character was introduced by two of the State's witnesses. The first witness volunteered testimony concerning appellant's involvement with the law in Florida. No objection was made to the introduction of the testimony, but appellant's counsel moved for a mistrial after the State completed its case. Failure to contemporaneously object to the question now advanced as prejudicial cannot be later bootstrapped by a motion for a mistrial. State v. Groome, 274 S.C. 189, 262, S.E. (2d) 31 (1980); State v. Atchison, 268 S.C. 588, 235 S.E. (2d) 294 (1977), cert. denied 434 U.S. 894, 98 S.Ct. 273, 54 L.Ed. (2d) 181 (1977). Any objection to the testimony was waived. See, State v. Barron, 268 S.C. 318, 233 S.E. (2d) 110 (1977).
The second witness was asked a question which reflected upon appellant's character. Before the witness answered, however, appellant's counsel objected and the jury was excused. Upon its return, the jury was given a curative instruction to disregard the question. An instruction to disregard incompetent evidence usually is deemed to have cured the error in its admission unless it is probable that, notwithstanding the instruction, the accused was prejudiced. A trial judge has wide discretion in considering the merits of a motion for a mistrial when incompetent evidence is received and later stricken out. State v. Craig, 267 S.C. 262, 227 S.E. (2d) 306 (1976); State v. Britt, 235 S.C. 395, 111 S.E. (2d) 669 (1959); State v. Singleton, 167 S.C. 543, 166 S.E. 725 (1932). Under the facts of this case, we conclude that the trial judge did not abuse his discretion by failing to order a mistrial after he had given the curative instruction.
In April 1980, appellant pled nolo contendere to a Florida prosecution for criminal sexual assault. Prior to this trial, appellant's counsel requested a ruling as to whether the former plea of nolo contendere could be used to impeach appellant *227 should he decide to testify. At the conclusion of the State's case, the court ruled that the plea could be used for impeachment purposes. The appellant did not testify. Appellant alleges the trial court's ruling was prejudicial error. South Carolina has never before had the opportunity to consider the admissibility of nolo contendere pleas for impeachment purposes. We have held however, that a plea of nolo contendere may not be used as substantive evidence of guilt in a subsequent proceeding. In re Anderson, 255 S.C. 56, 177 S.E. (2d) 130 (1970).[1]
In the majority of jurisdictions, a conviction or sentence of a witness upon a plea of nolo contendere is admissible as affecting credibility in like manner as a conviction or sentence on a guilty plea. See, 146 A.L.R. 867 and 152 A.L.R. and A.L.R. 253, 293. In those jurisdictions, there exists a statute similar to S.C. Code Ann. § 19-11-60 (1976), which allows a person convicted of a crime to testify but allows the conviction to be shown as bearing on credibility. In asmuch as a plea of nolo contendere is equivalent to a conviction, it is the rule in many jurisdictions that a judgment following such a plea may be shown as affecting credibility. 81 Am. Jur (2d) Witnesses § 570 (1976). We recognized in Kibler v. State, supra, the many similarities between a plea of nolo contendere and a plea of guilty. We therefore conclude that a plea of nolo contendere may be used for impeachment purposes in a subsequent proceeding.
Appellant argues that the trial court should have admitted character evidence to bolster the credibility of a defense witness whose character had not been attacked. Appellant alleges that his father, a defense witness, was a stranger to the community and therefore under our rule in State v. Lyle, infra, appellant should have been allowed to introduce local witnesses to support his father's credibility. The general rule recognizes that evidence of the good character of a witness is not admissible until his character has been attacked. *228 State v. King, 172 S.C. 127, 173 S.E. 76 (1934). However, an exception to the general rule allows evidence of the good character of a witness where the witness in question is a stranger to the forum community. State v. Lyle, 125 S.C. 406, 118 S.E. 803 (1923); Woods v. Thrower, 116 S.C. 165, 107 S.E. 250 (1921). The reason for the exception is that a party to the action whose witness comes from the vicinage has an advantage over his opponent whose witness is a stranger because the good character of a witness known to the jurors may be taken into consideration by the jury. However, when the witness in question is not a stranger to the forum, the exception should not be applied. The record reveals that the appellant's father was not a stranger to Columbia, the forum community, within the scope of State v. Lyle and Woods v. Thrower. Since retiring from the military in 1973, the witness periodically lived and maintained a residence in Columbia, South Carolina. He attended the University of South Carolina in Columbia. In 1978, he married a local resident and rented a house in Columbia. The witness alleged that he had been introduced to the solicitor by a friend of his, a former employee of the Attorney General's office. In addition, the witness was able to call the streets and locations of Columbia by name and to give directions to various locations in the city. We therefore conclude that the witness was not a stranger to the community; the trial court did not err when it refused to allow the defense the opportunity to bolster the witness credibility.
After deliberating for approximately nine hours, the jury returned to the courtroom and announced that it had been unable to reach a verdict. The trial judge, urging the jury to agree upon a verdict, gave the jury the "Allen" charge, or "dynamite" charge. Appellant alleges that the charge was unduly coercive because it was directed only to the minority jurors, that it set a specific time within which the verdict should be rendered (tonight), and that it required the jury to continue to deliberate after nine hours of conference. It is important that the trial of causes should be ended. A circuit judge is but discharging his duty to the public, and especially to the litigants, when he urges the jury to reach a verdict, provided nothing like coercion takes place. State v. *229 Darr, 262 S.C. 585, 206 S.E. (2d) 870 (1974); State v. Jones, 86 S.C. 17, 67 S.E. 160, 165 (1910). Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), approved the instruction of the trial judge when he urged those jurors in the minority to reconsider their opinions. We have approved similar language to that used by the trial judge to the effect that if the defendant is entitled to a verdict, he is entitled to it now and that if the State is entitled to a verdict, it is entitled to that verdict now and not at some later date. State v. Pulley, 216 S.C. 552, 59 S.E. (2d) 155 (1950); State v. Jones, 86 S.C. 17, 67 S.E. 160 (1910). Although the jury did deliberate for nine hours, at no time did the jurors complain that they were being kept too long. In fact, two hours after the "Allen" charge, the jury requested further instructions, an indication that they were willing to discharge their duty. Under the circumstances, we cannot hold that there was any effort on the part of the judge to force a verdict. State v. Stalvey, 146 S.C. 275, 143 S.E. 817 (1928).
Finally, the appellant asserts that the jury's finding him guilty of first degree sexual assault was inconsistent with finding him not guilty of common law burglary. We disagree. If the essential elements of first degree criminal sexual assault are not identical to those of common law burglary, the verdicts are not inconsistent. State v. Hall, 268 S.C. 524, 235 S.E. (2d) 112 (1977); State v. Amerson, 244 S.C. 374, 137 S.E. (2d) 284 (1964). S.C. Code Ann § 16-3-652 (1976) states that in order to be guilty of first degree criminal sexual conduct, he must commit a sexual battery in conjunction with aggravated force or with the commission of another crime (i.e., burglary). The record reflects that the sexual battery was committed with the threat of the use of a deadly weapon; thus the assault was committed with aggravated force. The elements of burglary did not have to be proved in order to prove the appellant guilty of criminal sexual conduct.
Accordingly, the conviction of first degree criminal sexual conduct and the resulting sentence are affirmed.
LEWIS, C J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.
NOTES
[1] It should be noted that nolo contendere pleas are allowed in South Carolina only on misdemeanor charges, unlike Florida which accepted appellant's plea on a felony charge. S.C. Code Ann. § 17-23-40 (1976); Kibler v. State, 267 S.C. 250, 227 S.E. (2d) 199 (1976).