**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Malik Matthews, Appellant.

Appellate Case No. 2011-204287

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2014-UP-063
Heard January 7, 2014 – Filed February 12, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, of Columbia, for Respondent.

**PER CURIAM:**  Malik Matthews appeals his conviction for grand larceny, arguing the trial court erred in: (1) refusing to grant a mistrial based upon a prosecution witness's improper comment upon his post-arrest exercise of his right

to silence, which violated his Fifth Amendment right to silence and his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments; (2) denying his request for a continuance to permit him to obtain the transcript from his first trial that ended in a mistrial due to a hung jury, which denied him his Sixth Amendment right to counsel and a fair trial; and (3) admitting into evidence the in-court identification of him by the owner of the burglarized home because the owner's identification was tainted by his view of Matthews' booking photograph on the internet shortly after his arrest, which violated his right to due process of law and a fair trial guaranteed by the Sixth and Fourteenth Amendments. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the witness's comment on Matthews' post-arrest exercise of his right to silence, we find the trial court did not err in denying Matthews' motion for a mistrial and correctly cured any possible prejudice by issuing a curative instruction to the jury. *See State v. Smith*, 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986) ("The jury should be specifically instructed to disregard the evidence, and not to consider it for any purpose during deliberations."); *State v. White*, 371 S.C. 439, 445, 639 S.E.2d 160, 163 (Ct. App. 2006) ("If the trial [court] sustains a timely objection to evidence and gives the jury a curative instruction that it be disregarded, the error is deemed to have been cured by the instruction."); *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error.").

2.      As to the request for a continuance, we find the trial court did not err in denying Matthews' motion when he admitted he had not even requested a copy of the transcript from the first trial prior to the second trial, and Matthews was able to use his notes from the first trial to question the officers about their inconsistent testimony. *See State v. Asbury*, 328 S.C. 187, 195, 493 S.E.2d 349, 353 (1997) (finding the trial court correctly denied Asbury's motion for a continuance, ruling the transcript would have been beneficial, but was not essential when Asbury had not established any prejudice from the lack of access to the transcript from his first trial because the court reporter's backup tapes from the first trial were available and he could have requested use of these tapes, if necessary, to impeach a witness during trial); *State v. Owenby*, 267 S.C. 666, 668, 230 S.E.2d 898, 898 (1976) ("[I]t is preferable to have available the written transcript taken at the former [trial], but the unavailability of such transcript does not preclude the utilization of other means of proving to the court what the witness stated on a prior occasion."); *State v. Mansfield*, 343 S.C. 66, 77, 538 S.E.2d 257, 262-63 (Ct. App. 2000) (determining the trial court did not abuse its discretion in denying Mansfield's

motion for a continuance to obtain the trial transcript when he could have served the court reporter with a subpoena to appear in court and a subpoena *duces tecum* to bring the tapes with her); *cf. State v. McMillan*, 349 S.C. 17, 24, 561 S.E.2d 602, 605 (2002) (holding the trial court erred in denying a request for a continuance when the defendant's basis for the continuance was to obtain the transcripts from the first trial to use as impeachment for the retrial; however, McMillan requested the transcripts from the first trial prior to the second trial, he had not received the transcripts when the case was called for retrial, and no court-reporter back-up tapes were available).

3.      As to the in-court identification of Matthews by the owner of the burglarized home, we find the trial court did not abuse its discretion and properly denied Matthews' motion to suppress the in-court identification because Matthews' due process rights were not violated by the admission of the identification testimony when (1) the owner was fully cross-examined regarding his identification and the suggestiveness of the media identification; (2) the owner looked at the online booking photographs for his own interest, and the record does not indicate he reported viewing the photograph to law enforcement or that it was used as an out-of-court identification; (3) the owner observed Matthews' booking photograph within one week of the robbery; (4) the owner testified he had ample time to observe the robber; (5) the owner testified he was one-hundred percent certain of his identification; (6) Matthews was found in the truck that matched the description the owner gave 911; and (7) Matthews was holding the items from the owner's house in his lap when the police stopped the truck. *See State v. Tisdale*, 338 S.C. 607, 613-15, 527 S.E.2d 389, 393 (Ct. App. 2000) (determining Tisdale's due process rights were not violated by the admission of the identification testimony because: (1) the witnesses were fully cross-examined regarding their descriptions and the suggestiveness of the media identification; (2) the amount of time between the robbery and the media identification was short; (3) the witnesses had ample time to observe the robber; (4) the witnesses were certain of their identifications; and (5) other evidence was presented against the defendant).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**