**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Arthur Lee Williams, III, Appellant.

Appellate Case No. 2018-000982

———————

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-161
Submitted May 8, 2020 – Filed May 27, 2020

———————

**AFFIRMED**

———————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Arthur Lee Williams, III, appeals his conviction for distribution of crack cocaine, for which he was sentenced to twenty-five years' imprisonment.

Williams asserts the circuit court erred in failing to remove or strike from the record the videotape of his drug sale to the State's confidential informant after the informant contradicted himself on the witness stand and showed signs he was incompetent to testify. Because Williams expressly conceded he had no objection to the admissibility of the videotape and failed to contemporaneously object to the informant's testimony, we find these issues unpreserved for review. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dicapua*, 373 S.C. 452, 455, 646 S.E.2d 150, 152 (Ct. App. 2007) (finding trial counsel's specific statement that he had "no objection" upon State's motion to enter videotape into evidence and publish it to the jury amounted to waiver of any issue with respect to admission of videotape); *State v. Curtis*, 356 S.C. 622, 633, 591 S.E.2d 600, 605 (2004) (holding an objection made after several pages of testimony came too late to preserve the issue for review); *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981) ("Failure to contemporaneously object to the question now advanced as prejudicial cannot be later bootstrapped by a motion for a mistrial.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and MCDONALD and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.