**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Byron Labron Rivers, Appellant.

Appellate Case No. 2019-001253

---

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-395
Submitted October 1, 2021 – Filed November 10, 2021

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Byron Labron Rivers appeals his convictions for murder, first-degree burglary, possession of a weapon during the commission of a violent crime, two counts of attempted murder, and three counts of armed robbery. On appeal, Rivers argues the trial court erred in finding he opened the door to a witness's testimony regarding the results of his codefendant's gunshot residue (GSR) test and this testimony violated the Confrontation Clause. Rivers's issue is not preserved for review because Rivers failed to contemporaneously raise the Confrontation Clause issue to the trial court. Rather, Rivers only argued the witness was "not an expert in the actual testing of GSR kits." Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981) ("Failure to contemporaneously object to the question now advanced as prejudicial cannot be later bootstrapped by a motion for a mistrial.").[1]

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] Even if the issue were preserved, the trial court did not err in finding Rivers opened the door to the testimony because he asked the witness whether his codefendant was tested for GSR. *See State v. Page*, 378 S.C. 476, 483, 663 S.E.2d 357, 360 (Ct. App. 2008) ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial [court]."); *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Beam*, 336 S.C. 45, 52, 518 S.E.2d 297, 301 (Ct. App. 1999) ("[A defendant] cannot complain about the admission of evidence where he opened the door to the evidence."); *State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though [the] latter evidence would be incompetent or irrelevant had it been offered initially." (alteration in original) (quoting *State v. Albert*, 277 S.E.2d 439, 441 (N.C. 1981))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.