STATE v. E. A. BROWN, R. L. SETZER AND CLEVE SETZER.

(Filed 4 December, 1929.)

**Receiving Stolen Goods D a—Verdict of guilty of receiving stolen goods and acquittal of breaking and larceny is not contradictory.**

Where the defendant is tried on three separate counts: (1) with feloniously breaking into a railroad car in violation of C. S., 4237, (2) with larceny of certain goods therefrom, (3) with receiving stolen goods with knowledge that they had been stolen, C. S., 4250: *Held,* an acquittal on the first two counts and conviction on the third is not a contradictory verdict as a matter of law, or objectionable on the ground that the doctrine of recent possession applied equally to all counts, there being sufficient evidence to sustain the verdict of guilty on the third count.

APPEAL by defendant, E. A. Brown, from *Oglesby, J.,* at March Term, 1929, of BURKE.

Criminal prosecution tried upon an indictment charging the defendant, and others, (1) with feloniously breaking into a railroad car in violation of C. S., 4237, (2) with the larceny of certain automobile tires and a number of shotguns, describing them, valued at $100, in the possession of the Southern Railway Company, as bailee, and (3) with receiving said properties, describing them, knowing the same to have been feloniously stolen or taken in violation of C. S., 4250.

Verdict: Guilty on the third count of receiving.

Judgment: Eight months on the roads.

The defendant, E. A. Brown, appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Avery & Patton and C. E. Cowan for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show that on 8 September, 1928, the tires and guns in question were checked into car No. 115311 for shipment over the Southern Railway to Morganton and Swannanoa. The car was sealed and remained sealed until it reached Connelly Springs, where the seal was broken, and the articles found missing. Soon thereafter, the defendants were discovered in possession of the guns and tires in question, with the numbers on the tires obliterated. They offered to sell the tires for less than half their value, and wanted to pawn or sell the guns.

It is the contention of the defendant that he cannot be convicted on the third count in the bill of indictment in the face of an acquittal on the first two counts; that the evidence of recent possession applies alike to all counts; and that as he was not convicted on the first two, he must necessarily be acquitted on the third.

The defendant's logic is better than his law. *S. v. Sisk,* 185 N. C., 696, 116 S. E., 721. Notwithstanding his acquittal on the first two counts, on which the jury may have pardoned him, there was evidence tending to support the third, and we cannot say, as a matter of law, that the verdict is contradictory. *S. v. Record,* 151 N. C., 695, 65 S. E., 1010.

We find no reversible error on the record, hence the verdict and judgment will be upheld.

No error.