15525

STATE v. WILLIAMS

(25 S. E. (2d), 288)

February, 1942.

*Mr. Henry Campbell Miller,* of Anderson, S. C., for Appellant,

. *Mr. Rufus Fant,* Solicitor, of Anderson, S. C., for the State of South Carolina, Respondent,

410

April 12, 1943.

Mr. Associate Justice Stukes delivered the unanimous opinion of the Court:

Appellant was convicted at the February, 1942, term of the Court of General Sessions for Anderson County of assault and battery of a high and aggravated nature which verdict impliedly acquitted him of a charge of highway robbery. The indictment contained two counts, the first, highway robbery as stated, and the second, assault and battery with intent to kill. He was not then represented by counsel so there were no motions with respect to the indictment or the trial, but he appealed after conviction and his present counsel argues upon his exceptions that the trial Judge should have required the solicitor to elect upon which count he would ask for conviction, and that the acquittal upon the highway robbery count required an acquittal of the assault and battery charge.

Appellant's interesting brief contains no citations of South Carolina cases but there are numerous ones from other jurisdictions which, although of differ-

ing facts, he contends are analogous and support his position. From one we quote, *People v. Hickman,* 31 Cal. App. (2d), 4, 87 P. (2d), 80, 83, as follows: "When the defendant is convicted of one and acquitted upon another count, the test is whether or not the essential elements in the count wherein the defendant was acquitted are identical and necessary to proof of conviction on the guilt count."

Tested by the stated rule this case does not fall within it for two reasons. First, assault and battery of a high and aggravated nature (which was included in the second count, charging assault and battery with intent to kill, and was covered by the Court's instructions to the jury) lacks the element of larceny essential to the crime of robbery, so an acquittal of the charge of robbery does not necessarily acquit of assault and battery. The second reason referred to is that highway robbery does not necessarily include a battery; that crime may be committed by putting the victim in fear only.

The cases from this Court are clear that trial may proceed upon more than one count in the indictment when the facts upon which the prosecution relies are the same in the case of each charge; and an election on the part of the State is not required when the different counts do not involve different instances of conduct, or in other words, different facts. The rule is well stated by Chief Justice McIver in the opinion in *State v. Sheppard,* 54 S. C., 178, 32 S. E., 146. Earlier cases were cited and numerous others may be found by reference to the citations in *State v. Bolyn,* 143 S. C., 63, 141 S. E., 165. From these authorities it is evident that the Court committed no error in permitting the trial to proceed upon both of the counts contained in the indictment, for they admittedly depend upon a single affray between appellant and the prosecuting witness.

It is unnecessary that an indictment contain a separate count for a lesser offense and another count for a greater when all of the elements of the lesser are included in the greater, as is illustrated in this case by the conviction of appellant of assault and battery of a high and aggravated nature upon the charge in the indictment of assault and battery with intent to kill, but it is, and was in this case, proper for the indictment to contain the assault and battery count in addition to the highway robbery count because, as we have seen, the crime of highway robbery does not necessarily contain the elements of the crime of assault and battery; battery is an element which need not be present in the crime of highway robbery but is in the lesser crime charged in the second count. The result of the verdict was conviction of assault and battery which could not have been had upon an indictment charging highway robbery alone.

The questions presented by appellant's argument have been carefully considered and found without merit, hence the exceptions are overruled.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.