15918

STATE v. DUCK

(41 S. E. (2d) 628)

*Mr. John M. Schofield,* of Greenville, for Appellant, cites:

*Mr. Hubert E. Nolin,* Solicitor, of Greenville, for the Respondent.

February 27, 1947.

BAKER, CJ.: The appellant was tried in the Greenville County Court on an indictment charging that on the

14th day of May, 1946, in said County and the State of South Carolina, he did unlawfully have in his possession eight one-half pints and two pints of alcoholic liquors which did not have South Carolina revenue stamps affixed to the container and containers thereof; and that he did willfully and unlawfully transport said alcoholic liquors. The jury found him guilty of transporting but not of possession, and he was sentenced to the State Penitentiary at hard labor for a period of six months, or to serve a like period at hard labor upon the public works of Greenville County, such sentence being suspended upon the payment of $150.00.

From the judgment of guilty and sentence imposed he has appealed to this Court upon exceptions reading as follows:

"1. The Court erred in not granting a new trial because it did not charge the law of circumstantial evidence as the only evidence supporting the Appellant's having knowledge of the liquor being in the car, was circumstantial.

"2. The Court erred in not granting a new trial on the ground that finding of the jury is not supported by the evidence.

"3. The Court erred in not granting a new trial on the ground that the verdict is inconsistent; that one cannot be guilty of transporting liquor that he doesn't possess."

The appellant was acting as a taxi driver at the time the jury convicted him of transporting illegal alcoholic liquors, although he stated that he was a mechanic by trade. On this night (the 14th of May, 1946), a dance for colored people was in progress at Textile Hall. A member of the City Police Department was on duty at said Textile Hall and saw a negro boy coming down a stairway, his pockets bulging to the extent that it attracted the officer's attention. The officer called to this boy to stop but he did not, and he had to run and catch him, and on his person he found two pints of illegal liquor. Upon questioning this boy, the boy told him that he was working for appellant. The officer placed this boy under arrest, and as they came out of Textile Hall the

appellant drove up in a taxi, the taxi being a coach style, and sitting on the front seat with the appellant was a colored woman immediately next to him, and on the outside, on the front seat, a colored man. When the officer walked up to the taxi he told the appellant to cut the motor off and instructed the appellant to hand him the ignition key, which he did. The man who was in the taxi with the appellant and this colored woman, opened the door, jumped out of the car and ran. The officer did not know who this colored man was, and both the appellant and this colored woman disclaimed any knowledge of who he was or where he came from, except that he was on the streets of Greenville and hailed the taxicab as the appellant was driving this colored woman to Textile Hall, and got in the taxicab with them.

The officer proceeded to search the cab for illegal whiskey and found in a large pocket book belonging to the woman four one-half pints of legal whiskey and two half-pints of illegal whiskey, "and down on the floor board under the seat, two half-pints of illegal whiskey." It was for the possession and transportation of the last mentioned whiskey that the case against the appellant was submitted to the jury.

The appellant denied any knowledge of whiskey being in his car, either the whiskey on the floor board or the whiskey in the pocket book of the colored woman, and explained that while the officer was standing there and talking directly to him he was looking at the officer and did not notice anything other than that the man passenger in his car was fumbling around and finally opened the door to the car and jumped out and ran. The woman in the car, testifying in behalf of the appellant, stated that while the officer was looking in her pocket book the man sitting beside her, whom as aforesaid, she claimed not to know, took some whiskey from his inside pocket and threw it down in the car and jumped out and ran, and that this was evidently the whiskey which the officer found in the appellant's automobile.

There was no motion for a directed verdict of not guilty and the jury, as aforesaid, found the appellant guilty of

transporting illegal whiskey, after the trial Judge had carefully charged them that to be guilty of transporting whiskey the person charged therewith must have knowledge of the fact that he was transporting illegal whiskey.

The trial Judge did not in charging the jury, charge the law of circumstantial evidence, but at the conclusion of his charge, inquired of the Solicitor and of appellant's counsel if they desired anything further, and received a reply in the negative.

Section 26, of Article 5 of the Constitution of 1895, is mandatory that "Judges shall not charge juries in respect to matter of fact, but shall declare the law," but this Court has repeatedly held both in civil cases, and in criminal cases not involving capital punishment, that the right to have all the law declared may be waived like any other right. If the appellant desired that the trial Judge amplify his charge so as to explicitly include the law applicable to circumstantial evidence he should have requested such charge, and having failed to do so, he waived his right to have all of the applicable law charged. *State v. Hendrix*, 86 S. C. 64, 68 S. E. 129; *State v. Henderson*, 126 S. C. 425, 120 S. E. 235; *State v. Wardlaw*, 153 S. C. 175, 150 S. E. 614; and *State v. Craig*, 161 S. C. 232, 159 S. E. 559. Of course, if the State had depended entirely upon circumstantial evidence to connect the appellant with the transportation of illegal whiskey, then the failure to charge the jury as to the rules governing circumstantial evidence would have constituted reversible error even though the appellant made no request therefor. *State v. Baker*, 208 S. C. 195, 37 S. E. (2d) 525.

Notwithstanding the case of *State v. Fowler*, 153 S. C. 177, 150 S. E. 682, and the cases cited therein, it is our opinion from a reading of the record in this case that there was sufficient testimony to justify the jury in finding a verdict that the appellant was guilty of transporting illegal whiskey, and therefore there was no error on the part of the trial Judge in refusing to grant a new trial.

There is not necessarily an inconsistency in the verdict of the jury, because the trial Judge charged the jury that if the appellant had knowledge that a passenger in his taxicab had illegal whiskey in his possession and he transported such passenger and illegal whiskey, he would be guilty of illegally transporting whiskey, which statement of the law by the trial Judge was not appealed from by the appellant:

All exceptions are overruled, and the judgment is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.