### 34885. HOLDER v. THE STATE.

CARLISLE, J. Where, on the trial of one under an indictment in two counts, charging him with (1) possession of intoxicating liquors in a dry county, and (2) with the sale of intoxicating liquors in a dry county, the jury returns a verdict of not guilty under count 1, but guilty under count 2 "by reason of aiding and abetting"; and, during the term at which he was convicted, the defendant moves in arrest of judgment on the ground that the evidence was necessarily the same under both counts of the indictment and involved one transaction, and therefore the verdict is void for repugnancy, as the defendant could not be guilty of aiding and abetting the sale of liquor which he had not been guilty of possessing, it is an abuse of the trial court's discretion, and such error as to require the grant of a new trial, to deny the motion in arrest of judgment. *Kuck* v. *State*, 149 *Ga.* 191 (99 S. E. 622); *Smith* v. *State*, 38 *Ga. App.* 366 (143 S. E. 925); *Davis* v. *State*, 43 *Ga. App.* 122 (157 S. E. 888); *Britt* v. *State*, 36 *Ga. App.* 668 (137 S. E. 791). If the defendant was guilty of aiding and abetting in the sale of the

860

liquor, he was necessarily aiding and abetting in its possession; but the jury having found that the defendant did not possess the liquor, even to the extent of aiding and abetting, the jury could not with consistency say that the defendant aided and abetted in its sale.

Judgment reversed. *Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 9, 1953.

*R. M. Reed,* for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General,* contra.

Judgment reversed. *Gardner, P. J., and Townsend, J., concur.*