18232

The STATE, Respondent, v. John AMERSON, Appellant

(137 S. E. (2d) 284)

*Messrs. Jennings & Jennings,* of Bishopville, *for Appellant,*

R. Kirk McLeod, Esq., Solicitor, of Sumter, *for Respondent.*

*Messrs. Jennings & Jennings,* of Bishopville, *for Appellant, by·way of supplemental brief,*

June 29, 1964.

BUSSEY, Justice.

This is an appeal *in forma pauperis* from a conviction of the statutory crime of housebreaking and consequent sentence, the defendant-appellant being represented here and upon the trial below by appointed counsel.

The defendant was indicted for burglary and grand larceny, it being alleged that on the 26th day of August, 1963, he broke and entered the dwelling house of Maylese Stirlene in Lee County, South Carolina, in the nighttime and stole therefrom certain articles exceeding $20.00 in value. The evidence reflected that the entry into the house of the said Stirlene occurred between 6 P. M. on the afternoon of August 26th and 7 or 7:30 A. M. on August 27th, and the defendant's motion for a directed verdict as to the charge of burglary for failure to prove an entry in the nighttime was granted. The case was submitted to the jury as to housebreaking and grand larceny, the jury returning a verdict "as to housebreaking guilty" but "as to grand larceny not guilty."

The evidence shows that entry was made into the home of Stirlene and that taken therefrom were the following articles: one coat, one electric razor with vibrator, and one pistol, all of which stolen articles were admittedly in pos-

session of the defendant on August 27th. The evidence further shows that some time shortly prior to August 26, the defendant performed certain work for Stirlene at her residence, including the repair of a number of window latches. This circumstance and the possession of the stolen goods, with the presumption arising therefrom, constituted the State's evidence inculpating the defendant. The defendant denied his guilt as to both counts and testified as to how he had innocently come into possession of the stolen goods.

Upon the return of the jury verdict, defendant moved for a directed verdict of not guilty as to the charge of housebreaking on the grounds that, (1) the verdict of guilty as to housebreaking was inconsistent with the verdict of not guilty as to grand larceny, and (2) that since the defendant had been found not guilty as to grand larceny, there was insufficient evidence as a matter of law to prove beyond a reasonable doubt that the defendant had committed the crime of housebreaking. Said motion was overruled and defendant was sentenced to confinement for a period of three years.

The defendant here charges error on the part of the trial judge in failing to grant such motion. It is conceded that the evidence, including the presumption arising from the possession of recently stolen goods, was sufficient to sustain a finding of guilty as to housebreaking, but it is argued that since the defendant was found not guilty of grand larceny, such finding removed any adverse presumption that arose from possession of the stolen goods, and, without such presumption there was no evidence left sufficient to sustain a verdict of guilty as to housebreaking. Secondly, it is argued that since the goods were stolen at the same time that the house was entered, the only conclusion that could be drawn from the evidence is that whoever stole the goods also broke into the house, and since the defendant was found not guilty of grand larcency, the verdict of the jury was inconsistent and the defendant's conviction of housebreaking cannot, therefore, be sustained.

The principal authority relied upon by the defendant on appeal is the following general statement from 23 A C. J. S., Criminal Law, § 1403, p. 1091, as follows:

"A verdict which acquits accused of a crime which includes acts necessary to the commission of another crime for which he is found guilty is inconsistent."

A reading of the entire section above quoted from, and the many cases cited in the footnotes thereto, shows that the authorities are not entirely in harmony as to what constitutes an inconsistent verdict and are in sharp conflict as to the effect of any such inconsistency when found to exist. In some jurisdictions, including the Federal courts, since the decision of the United States Supreme Court in *Dunn v. United States,* 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. 356, an inconsistency in the verdict of a jury is held to be of no effect. In a number of states, however, it is clear that the rule is that an inconsistent verdict cannot be allowed to stand, but even in those jurisdictions the weight of authority supports the proposition that the defendant is entitled only to a new trial on all counts and not to be acquitted of and discharged from the count on which he was convicted. This view was aptly expressed by the Supreme Court of Missouri in the case of *State v. Akers,* 278 Mo. 368, 213 S. W. 424, wherein the court said:

"If the verdict * * * was too inconsistent to support a judgment of conviction, it was likewise too inconsistent to support a judgment of acquittal. As has often been said, 'It is a poor rule which does not work both ways.' "

In this connection see *People v. Andursky,* 75 Cal. App. 16, 241 P. 591; *People v. Harrigan,* 218 Mich. 235, 187 N. W. 306; *Holder v. State,* 88 Ga. App. 859, 78 S. E. (2d) 261.

A case directly in point with the facts of the instant case has not come to our attention. There are, however, two decisions of this court wherein contentions somewhat similar to the contentions of the defendant here were involved. In

*State v. Duck,* 210 S. C. 94, 41 S. E. (2d) 628, the defendant, a taxi driver, was charged with unlawful possession of whisky, and in another count with the unlawful transportation of whisky. He was found guilty of transporting but not of possession, and contended that he was entitled to a new trial (not a directed verdict of acquittal as here) on the ground that the verdict was inconsistent; that one could not be guilty of transporting liquor that he did not possess. This court held that there was not necessarily an inconsistency in the verdict of the jury because the judge had charged the jury that if the defendant had knowledge that a passenger in his taxicab had illegal whisky in his possession and he transported such passenger and illegal whisky, he would be guilty of transporting whisky, which statement of the law by the trial judge had not been appealed from.

In the case of *State v. Williams,* 202 S. C. 408, 25 S. E. (2d) 288, the defendant, indicted upon counts charging him with highway robbery and assault and battery with intent to kill, was found guilty only of assault and battery of a high and aggravated nature and urged that the acquittal upon the highway robbery count required an acquittal upon the other count. Apropos of that contention we quote the following from the opinion of this court:

"Appellant's interesting brief contains no citations of South Carolina cases but there are numerous ones from other jurisdictions which, although of differing facts, he contends are analogous and support his position. From one we quote, *People v. Hickman,* 31 Cal. App. (2d) 4, 87 P. (2d) 80, 83, as follows: "When the defendant is convicted of one and acquitted upon another count, the test is whether or not the essential elements in the count wherein the defendant was acquitted are identical and necessary to proof of conviction on the guilt count'."

The court then went on to say that tested by the quoted rule the case under consideration did not fall within it for reasons which were pointed out. Here, as in the *Williams*

*case,* we do not think, tested by the stated rule, this case falls within it for more than one reason. It is not essential to the commission of the crime of housebreaking that one commit grand larceny. It is sufficient that the one breaking and entering did so with the intent to commit any crime. The record before us clearly reflects that the value of the goods taken from the home of Stirlene was in issue, the value thereof being an essential element to the crime of grand larceny, but not to the crime of housebreaking. The coat involved was a moth-eaten one, some four years old, which originally cost $24.50. There was evidence as to what the electric razor with vibrator would have cost new, but no evidence as to what it actually cost, when it was purchased, or its condition, the one witness who testified to its value admitting on cross examination that he frankly did not have the slightest idea as to its worth. The pistol involved was a .22 caliber offbrand, nearly new one, and the evidence of its value varied from $12.50 upward, with no witness professing to know its exact value. Stirlene testified that she imagined it was worth about $12.50.

In the course of his charge the trial judge had the following to say:

"In order to convict of grand larceny, the state must prove that the property was taken and that the value of the property taken was more than $20.00. If it was less than $20.00 it would be petit larcency. In this case the charge is grand larceny and the state must prove the property was worth more than $20.00 before a conviction can be had on that second count."

In instructing the jury as to the possible forms of verdict the judge wrote on the indictment "as to housebreaking" and "as to grand larceny" and instructed the jury to find the defendant either guilty or not guilty as to each count, no mention being made as to the possibility of a verdict of guilty of petit larceny as opposed to grand larceny. There were no exceptions to the judge's charge and no requests for any additional charge.

Under the evidence and the charge, the jury could well have concluded that the state had failed to prove beyond a reasonable doubt that the value of the goods was in excess of $20.00, and for that reason alone they were duty bound to find a verdict of not guilty as to grand larceny, all the while being convinced that the defendant was guilty of petit larceny instead. It follows that here, as in *State v. Duck, supra,* there was not necessarily any inconsistency in the verdict of the jury, and we cannot hold as a matter of law that there was any such inconsistency. See *State v. Brown et al.,* 198 N. C. 41, 150 S. E. 635.

For the foregoing reasons we find no error in the judgment appealed from.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.