19534

The STATE, Respondent, v. Robert McFADDEN, Appellant

(193 S. E. (2d) 536)

*Messrs. Jefferies & Wise,* of Greenwood, *for Appellant,*

*William T. Jones, Esq., Sol.,* of Greenwood, *for Respondent,*

December 11, 1972.

BUSSEY, Justice:

Appellant, McFadden, was charged with the offenses of housebreaking, larceny and receiving stolen goods, but was convicted by the jury only of larceny. The appellant contends there was insufficient evidence to support his conviction, and that, if not entitled for a judgment of acquittal, he is entitled to a new trial.

On the night of December 5, 1971, shortly after 7 P. M., a new house, still under construction in a subdivision known

as Magnolia Place in Greenwood County, was broken into, there being stolen therefrom a heater and certain lighting fixtures. Co-defendants of appellant. Sisk and Haynie, had entered pleas of guilty in connection with the aforesaid crimes prior to the trial of appellant. Sisk was called as a witness for the State and Haynie was called as a witness by appellant.

Admittedly, the three defendants went together to the scene of the crimes in a car belonging to Sisk but driven by McFadden. There is evidence to the effect that Sisk and Haynie alighted from the car near the house and that McFadden left the scene driving the Sisk car prior to the actual commission of any crime and never returned to the scene, having run the Sisk automobile into a ditch quite some distance away from the scene. It is Mc-Fadden's contention that he knew nothing of any intent on the part of either Sisk or Haynie to commit any crime until he overheard a conversation between them after stopping the car for the purpose of allowing one or both of them to answer a call of nature; that he did not want to become involved and promptly left the scene without any intention of returning, aiding, abetting or assisting in any manner whatsoever. There is abundant evidence, however, we think, from which it is reasonably inferable that McFadden was quite aware that at least larceny was intended before they reached the scene, and that it was his intent to aid and abet his co-defendants in commiting the larceny by dropping them off, driving around and picking them up after the commission of the offense. Additionally, there is the testimony of a deputy sheriff, who lived nearby, that he saw and recognized the appellant, whom he knew, in the yard of the house entered shortly after the same had been entered. A further review of the testimony would, we think, serve no useful purpose. It is well settled that where there is any substantial evidences which tends to prove the guilt of the accused, or from which his guilt may fairly and logically be deduced, it becomes the duty of the trial judge to submit

the case to the jury. See cases collected in West's South Carolina Digest, Criminal Law, Key No. 753.

Appellant next contends that the verdict acquitting him of housebreaking but convicting him of grand larceny is hopelessly inconsistant and as a matter of law cannot be allowed to stand; and that he is, accordingly, entitled to a new trial. He cites and relies on the fairly recent case of *State v. Amerson,* 244 S. C. 374, 137 S. E. (2d) 284. Under the principles enunciated and/or applied in that case there is no merit in appellant's contention. Here, as in *Amerson,* the trial judge charged, without exception, that the jury could find appellant guilty of either, or both, housebreaking and larceny. Further applying the principles of the *Amerson* case, housebreaking is not an essential element of the crime of larceny. Futhermore, under the evidence in this case, if the jury believed the testimony of appellant and his co-defendants to the effect that he was never upon the actual premises entered, it could well have reasoned that appellant intended to aid and abet in the commission of the larceny but had not intended to aid and abet in the crime of housebreaking. The house actually entered was still under construction at the time and there was other construction in progress in the subdivision. In this situation, the jury could well have concluded that appellant did not intend to aid and abet in the breaking and entering of any house which was closed in or locked up.

Finally, appellant asserts that the trial court erred in refusing to allow him, for the purpose of impeachment, to elicit from one Outzs testimony as to an alleged inconsistent statement on the part of Sisk, a witness for the State. Actually, the record does not reflect what, if any, ruling was made by the trial judge in this connection. When the matter first arose, there was prompt objection by the State for lack of proper foundation, whereupon the court remarked as follows:

"I don't recall any foundation for this. Do you have something in the record which would permit you to ask this question?"

Immediately following this query by the court, and on one subsequent occasion when the matter was again reverted to, counsel for appellant and the solicitor conferred with the court at the bench, apparently out of the hearing of the reporter, following which counsel for appellant, in each instance, abandoned pursuit of the matter without making any effort to put in the record what ruling, if any, was made by His Honor. There was never any proffer, for the record, of the testimony of Ouzts so that we do not know what his testimony would have been had examination of him been pursued.

Aside from the foregoing circumstances, whether a witness has been adequately warned of contemplated impeachment of his testimony is a question addressed to the sound discretion of the trial judge and his decision as to the extent of preliminary cross-examination and as to the allowance or disallowance of contradictory testimony will not be disturbed on appeal except for manifest abuse of that discretion. *Elliott v. Black River Elec. Co-op.*, 233 S. C. 233, 104 S. E. (2d) 357; *Lusk v. State Highway Dept.*, 181 S. C. 101, 186 S. E. 786. The appellant has failed to demonstrate wherein there was any manifest abuse of discretion on the part of the trial judge, amounting to an error of law, in refusing pursuit of impeachment testimony from the witness Ouzts.

We conclude that all exceptions of the appellant are without merit and the judgment below is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.