PER CURIAM.
Contrary to the only contention of the defendant which warrants discussion, the jury’s acquittal of him on two counts of the information charging robbery and sexual battery was not legally or, for that matter, logically inconsistent with their guilty verdict on the remaining count, which charged him with entering a dwelling with the intent to commit robbery and sexual battery. This contention was put to rest adversely to the defendant in Robinson v. State, 393 So.2d 33, 34 (Fla. 1st DCA 1981):
“Defendant’s acquittal only signified that the jury, for whatever reason, determined that the defendant was unsuccessful in carrying out his intent to commit an offense after entering the dwelling. Consummation of intent is unnecessary to support a conviction for entering a dwell *840 ing with the intent to commit an offense. See, Griffin v. State, 276 So.2d 842 (Fla. 4th DCA 1973).”
See also Pitts v. State, 425 So.2d 542 (Fla.1983).
Affirmed.