502 S.E.2d 98

**The STATE, Respondent,**

v.

**Michael COFFIN, Appellant.**

**No. 24807.**

Supreme Court of South Carolina.

Heard May 12, 1998.

Decided June 22, 1998.

Rehearing Denied July 30, 1998.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Melody J. Brown, both of South Carolina Office of Appellate Defense, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Columbia; and Solicitor Holman C. Gossett, Spartanburg, for respondent.

MOORE, Justice:

Appellant was convicted of murder, first degree burglary, assault and battery with intent to kill, and two counts of possession of a knife during the commission of a violent crime. At trial, appellant admitted stabbing his girlfriend, Kelly Morris, and a friend, Terry Wright, in the mobile home where the three of them had been living. On appeal, appellant challenges only the burglary conviction. He contends he was lawfully entitled to enter the dwelling where the crimes were committed and therefore the trial judge erred in denying his motion for a directed verdict on the burglary charge. We affirm.

## FACTS

Kelly Morris leased a mobile home at the Evans Mobile Home Park. In November 1995, appellant moved in with her and Terry Wright who was already staying there. Because Kelly's lease provided that a visitor staying more that five

days had to be approved by the landlord, appellant went to the landlord for approval. The landlord affixed a copy of appellant's driver's license to the lease which indicated he considered appellant "a legal qualified person living in that mobile home." Appellant did not sign the lease but, according to the landlord, he did pay the rent several times.

On February 22, 1996, appellant and Kelly had an argument and she threw him out. Appellant took his clothes and left. Appellant testified he was upset because Kelly gave no explanation and he felt he should not have to leave since he had paid rent.

Appellant returned to the mobile home two or three times that day but Kelly told him to go away and refused to answer the door. When appellant returned later that evening, he thought he could hear Kelly and Terry having sex in the mobile home. He became enraged and pried the front door open with a knife. Appellant found Terry in the bedroom and stabbed him several times. When Terry fled the mobile home, appellant returned to the living room where he stabbed Kelly, who was drunk and lying on the couch, and left the scene. Kelly died later at the hospital. Appellant turned himself in after hearing of her death on a news broadcast that night.

## DISCUSSION

The element of first degree burglary at issue here is the requirement that the perpetrator enter a dwelling without consent. S.C.Code Ann. § 16–11–311(A) (Supp.1997). The term "enter a building without consent" is statutorily defined to mean "to enter a building without the consent of the person in lawful possession." S.C.Code Ann. § 16–11–310(3)(a) (Supp.1997).[1] It is undisputed Kelly was a person in lawful possession and that she did not consent to appellant entering the mobile home at the time of the stabbings. Appellant claims, however, he too was a person in lawful possession of the mobile home and therefore he did not need consent to enter. Appellant points to the evidence he paid rent and was approved by the landlord.

We find the motion for directed verdict was properly denied based on evidence appellant was not in lawful possession of

---

1. "Building" encompasses the term "dwelling." *State v. Goldenbaum,* 294 S.C. 455, 365 S.E.2d 731 (1988).

the mobile home at the time of the stabbings. Terry Wright testified Kelly had the only key to the mobile home. Her name was the only name signed on the lease; appellant's identification was affixed to it pursuant to a clause requiring that "visitors" be approved. Further, the landlord testified he had nothing to do with a lessee's decision to evict an approved visitor.

This evidence supports the inference appellant was a guest in Kelly's home and she was entitled to terminate appellant's lawful possession by evicting him as she did before the stabbings occurred. Accordingly, this evidence presents a jury issue whether appellant was in lawful possession of the mobile home at the time of the stabbings. *Accord State v. Tolbert*, 488 N.W.2d 11 (Minn.App.1992) (question for jury where defendant's lawful possession turns on whether defendant was a guest whose tenancy was effectively terminated by lessee). The charge of burglary was therefore properly submitted to the jury. *See State v. Long*, 325 S.C. 59, 480 S.E.2d 62 (1997) (directed verdict properly denied where there is any direct or substantial circumstantial evidence that reasonably tends to prove the guilt of the accused or from which his guilt may fairly and logically be deduced).

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.