518 S.E.2d 277

**The STATE, Respondent,**

v.

**William PETERSON, Appellant.**

**No. 3000.**

Court of Appeals of South Carolina.

Submitted May 11, 1999.

Decided May 24, 1999.

Assistant Appellate Defender Aileen P. Clare, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor Cecil Kelly Jackson, of Sumter, for respondent.

GOOLSBY, Judge:

William Peterson appeals his conviction of first-degree burglary after a jury found him not guilty of first-degree assault with intent to commit criminal sexual conduct. The sole question on appeal is whether Peterson could be convicted of burglary because the jury failed to convict him of the crime that the State offered proof he intended to commit at the time of breaking and entering. We affirm.[1]

The charges against Peterson arose out of an incident that allegedly occurred in the victim's residence during the early morning hours. The victim testified that Peterson entered her home without her consent and sexually attacked her in her bedroom after she awoke and found him there.

First-degree burglary consists of the following elements: (1) entry into a dwelling house; (2) without consent; (3) with the intent to commit a crime therein; and (4) at least one of a number of additional circumstances being present. S.C.Code Ann. § 16–11–311 (Cum.Supp.1998). Here, the focus centers only upon the third element.

The fact that the jury failed to convict Peterson of the sexual assault charge does not affect the validity of the burglary charge. Indeed, that fact is immaterial. *See* 13 Am.Jur.2d Burglary § 25, at 223 (1964) ("Except as modified by statute, consummation or execution of the intent to steal or commit some felony is not necessary to complete the crime of burglary"); 12A C.J.S. *Burglary* § 41, at 239 (1980) ("The controlling intent is that of the time when the burglarious entry was committed...."); *id.* § 42, at 240 ("To constitute burglary it is not necessary that the intended crime shall be committed ... as the offense is complete as soon as the premises are broken and entered or entered alone with the necessary intent, and the success or failure of the venture is immaterial"); *see also Brown v. State,* 429 So.2d 839 (Fla.Dist.

---

1. We decide this case without oral argument pursuant to Rules 215 and 220(b), SCACR.

Ct.App.1983) (the defendant's acquittal on robbery and sexual battery charges was not inconsistent with his conviction of the charge of entering a dwelling with the intent to commit a robbery and a sexual battery); *State v. Melton,* 15 N.C.App. 198, 189 S.E.2d 757, 758 (1972) (where the court sustained the defendant's conviction of felonious breaking and entering where the defendant was acquitted of the felonious larceny charge, stating, "It is immaterial that defendant was acquitted of larceny"); *cf. State v.. Amerson,* 244 S.C. 374, 375, 137 S.E.2d 284, 286 (1964) (upholding the defendant's conviction for housebreaking notwithstanding his acquittal of grand larceny, stating "It is not essential to the crime of housebreaking that one commit grand larceny. It is sufficient that the one breaking and entering did so with the intent to commit any crime").

Here, the State offered proof of Peterson's intent at the time he broke and entered the victim's home. The victim testified that Peterson grabbed her and covered her mouth; that he was wearing gloves; that he threw her on her bed; that he choked her; that he was "humping" her; that he suggested she cooperate; that she screamed for help; that he told her to be quiet so that her child would not wake up; and that when the child did awaken and began crying, Peterson released the victim and ran away.

**AFFIRMED.**

CONNOR and HEARN, JJ., concur.