502

629 S.E.2d 367

**Mikell A. PINCKNEY, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26141.**

Supreme Court of South Carolina.

Submitted March 22, 2006.

Decided April 24, 2006.

See also 339 S.C. 346, 529 S.E.2d 526.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Sabrina C. Todd, all of Columbia, for petitioner.

Deputy Chief Attorney Wanda H. Carter, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

Justice MOORE:

We granted the State's petition for a writ of certiorari to review the grant of post-conviction relief (PCR) and now reverse.

## FACTS

Respondent was convicted of first degree burglary after he broke into a home at night and barricaded himself in the bathroom. When police officers arrived, respondent threatened to kill himself and the officers by spilling lamp oil and lighting it. On appeal, respondent's conviction was affirmed.[1] He then commenced this action for PCR.

The PCR judge granted relief on the ground trial counsel was ineffective for failing to request an additional charge emphasizing that the intent to commit a crime must exist at the time of entry, and limiting the jury's consideration of intent to whether there was intent to commit the crime set forth in the indictment.[2]

## ISSUE

Was counsel ineffective for failing to request an additional charge?

## DISCUSSION

First degree burglary is defined in S.C.Code Ann. § 16–11–311 (2003):

---

1. On appeal, respondent argued he was entitled to a directed verdict of acquittal because there was no evidence he intended to commit a crime at the time he entered the dwelling. The Court of Appeals agreed and reversed respondent's conviction. On review of that decision, however, we found respondent's actions after he entered the house were some evidence of his intent to commit a crime. *State v. Pinckney*, 339 S.C. 346, 529 S.E.2d 526 (2000). After remand to the Court of Appeals for consideration of an alternative ground of appeal, respondent's conviction was affirmed in an unpublished opinion.

2. The indictment alleges that respondent did willfully and unlawfully enter a dwelling without consent and with the intent to commit a crime therein and

> was armed with a deadly weapon or explosive while in the dwelling and/or used or threatened the use of a dangerous instrument while in the dwelling, and/or did enter or remain in the dwelling in the nighttime, to wit: [respondent] did pour kerosene on himself and the floor of the dwelling and threatened to light it and threatened to set responding officers on fire. . . .

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:

(1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:

 (a) is armed with a deadly weapon or explosive; or

. . .

 (c) uses or threatens the use of a dangerous instrument; or

. . .

(3) the entering or remaining occurs in the nighttime.

At trial, in addition to defining the aggravating circumstances regarding explosives, a dangerous instrument, or entry in the nighttime, the trial judge charged the following:

I'm going to read from you directly from the law. It says a person is guilty of burglary in the first degree *if the person enters a dwelling without consent and with intent to commit a crime therein* and either—and there are three other alternatives, and if any of these alternatives are proven beyond a reasonable doubt, along with entering without consent *and with intent to commit a crime* then that would be burglary in the first degree. Again, if you find that that has been proven beyond a reasonable doubt. Those three alternatives are: while entering or being in the dwelling or in leaving the dwelling he is armed with a deadly weapon or explosive. The other is that while entering or being in the dwelling or leaving the dwelling he uses or threatens the use of a dangerous instrument. And the third is that the entering or remaining occurred in the nighttime. . . .

Now again, burglary in the first degree must be proven beyond a reasonable doubt that the defendant entered the dwelling without consent. It must be proven beyond a reasonable doubt that *when he entered, when he entered that he had intent to commit a crime therein.*

(emphasis added).

This charge adequately instructed the jury that the State must prove that the intent to commit a crime existed at the time of entry.[3] Counsel was not ineffective for failing to

---

3. At the PCR hearing, counsel testified that in her opinion the charge given covered this element but "in retrospect" she wished she had

request a more emphatic or specific charge since the charge adequately stated the elements of first degree burglary. *See State v. Hughey,* 339 S.C. 439, 529 S.E.2d 721 (2000) (failure to provide specific jury instructions not error when the given instructions use proper test for determining the issues); *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989) (if the trial judge refuses to give a specific charge, there is no error if the charge given sufficiently covers substance of the request).

Further, there is no requirement that the intent element is satisfied only by proving an intent to commit the specific crime that is charged in the indictment as an aggravating circumstance. The only requirement is that there be intent to commit any crime at the time of entry. *Cf. State v. Peterson,* 336 S.C. 6, 518 S.E.2d 277 (Ct.App.1999) (to constitute burglary it is not necessary that the intended crime be committed).

In conclusion, the charge given was adequate and counsel was not ineffective for failing to request an additional charge. *See Cartrette v. State,* 323 S.C. 15, 448 S.E.2d 553 (1994) (counsel not ineffective for failing to request additional charge covered by substance of charge given). The grant of PCR is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

asked for a more specific charge. she had asked for a more specific charge.