THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 In the Interest of James L., a Minor Under the Age of Seventeen, Appellant,
 v.
 The State of South Carolina, Respondent.
 
 
 

Appeal
 From Colleton County
Gerald
 C. Smoak, Jr., Family Court Judge
Unpublished
 Opinion No.  2008-UP-268
Submitted
 May 1, 2008  Filed May 16, 2008 
REVERSED

 
 
 
 Assistant Appellate Defender Tara S. Taggart, South Carolina Office of Appellate
 Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, Office of the Attorney General, of Columbia; and
 Solicitor Randolph Murdaugh, III, of Hampton, for Respondent.
 
 
 

PER CURIAM:  James L. (James) appeals the family
 courts sentence of suspended
 commitment to the Department of Juvenile Justice (DJJ) and probation based on
 James convictions for third-degree arson and third-degree burglary.  James
 contends the family court erred when it failed to grant his motions for
 directed verdicts on these two charges.  We agree.
FACTS
On
 the afternoon of March 25, 2004, fifteen-year-old James and his thirteen-year-old
 friend, T.J., entered a vacant mobile home in Walterboro, South Carolina. 
 According to James statement to the police and his testimony at trial, he and
 T.J. entered the mobile home through the unlocked front door.  James testified
 they were not planning on stealing anything or damaging the mobile home.  After
 walking around the inside of the unoccupied home, they remained in the living
 room where they smoked several cigarettes.  Once they finished smoking the
 cigarettes and the pack was empty, James set the empty carton on fire and threw
 it on the floor.  He then proceeded to stomp out the remaining flames, and both
 boys exited the mobile home.  
T.J.
 also testified they entered through the unlocked front door of the mobile home,
 which was missing its doorknob.  T.J. said after walking around the mobile
 home, they stopped in the living room where James proceeded to smoke two
 cigarettes.  Afterwards, James lit the pack on fire and threw it onto the floor
 near a mattress.  T.J. stated James asked him to urinate on the pack to put out
 the fire, but T.J. refused.  James stomped the pack out with his feet, but T.J.
 said there was still a little bit of ashes [lit] up. 
After
 James and T.J. left the mobile home, the smoldering ashes caught the living
 room on fire, which ultimately resulted in the burning of the mobile home.  James
 was subsequently charged with third-degree arson and second-degree burglary.[1]  
During
 trial, the investigating detective testified there was no physical evidence to
 support the arson charge.  The detective stated James intentionally set the
 fire, but he also stated James was negligent in setting the fire.  Further, when
 questioned, the detective admitted it was possible for James to have thought he
 extinguished the fire without realizing it was still smoldering.  
At the
 conclusion of the States case, James counsel made directed verdict motions on
 the arson and burglary charges, which the family court denied.  James counsel
 renewed these motions at the close of trial, which the family court again
 denied.  The family court held the State proved its case beyond a
 reasonable doubt, as James acted wrongfully and willfully when he lit the
 cigarette pack on fire and caused the burning of the trailer.  As such, James
 was sentenced to a suspended commitment to the DJJ and was also placed on probation. 
 This appeal follows.[2]  
STANDARD OF
 REVIEW
On
 appeal from the denial of a directed verdict, this Court must view the evidence
 in the light most favorable to the State.  State v. Curtis, 356 S.C.
 622, 633, 591 S.E.2d 600, 605 (2004).  When ruling on a motion for a directed
 verdict, the family court is concerned with the existence or nonexistence of
 evidence, not its weight.  In the Interest of
 Cisco K., 332 S.C. 649, 652, 506 S.E.2d 536, 538 (Ct. App. 1998).
If
 there is any direct evidence or substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused, this Court must find the denial of
 the directed verdict was proper.  State v. Harris, 351 S.C. 643, 653,
 572 S.E.2d 267, 273 (2002).  On the other hand, a defendant is entitled to a
 directed verdict when the State fails to produce evidence of the offense
 charged.  State v. McKnight, 352 S.C. 635, 642, 576 S.E.2d 168, 171
 (2003). 
 Similarly, the trial court should grant a directed verdict when the evidence
 merely raises a suspicion that the accused is guilty.  State v. Zeigler,
 364 S.C. 94, 102, 610 S.E.2d 859, 863 (Ct. App. 2005). 
LAW/ANALYSIS
James
 argues the family court erred in denying his motions for directed verdicts on
 the arson and burglary charges because the State presented no direct or
 substantial circumstantial evidence reasonably tending to prove James guilt.  We
 agree. 
I.
 Arson in the Third Degree
Our arson
 statute provides in pertinent part that a person who wilfully and maliciously
 . . . sets fire to, burns, or causes a burning which results in damage to a
 building or structure . . . is guilty of arson in the third degree . . . .
 S.C. Code Ann. § 16-11-110(C) (Supp. 2007).  
The State must
 present evidence of the corpus delicti for an arson case to proceed to the jury.
  State v. Williams, 321 S.C. 381, 385, 468 S.E.2d 656, 658 (1996).  In
 an arson case, the corpus delicti is comprised of (1) a burned building or
 other property, and (2) some criminal agency which caused the burning.  Id. at 384, 468 S.E.2d at 658.  In other words, the corpus delicti includes not
 only the fact of burning, but it must also appear that the burning was by the
 willful act of some person, and not as a result of a natural or accidental
 cause. Id. at 384-85, 468 S.E.2d at 658 (internal quotations omitted). 
In this case,
 the State failed to present any evidence, either direct or circumstantial, that
 the burning of the mobile home was an intentional, willful, or malicious act.  
 Both James and T.J.s testimony tend to prove James did not intend to burn the
 mobile home when he lit the cigarette pack on fire and threw it on the floor.  Both
 testified James stomped on the pack more than once in an attempt to extinguish
 any remaining flames.  Further, James stated he did not see any ashes or
 smolder, but if he had, he would have stomped out the remaining flames.  James
 believed the fire was completely extinguished when they exited the home. 
During trial,
 the investigating detective admitted no physical evidence existed to support
 the arson charge.  Further, the detective admitted it was possible for James to
 have thought he put the fire out without realizing it was still smoldering when
 he left the mobile home.  
Considering
 the evidence in the light most favorable to the State, there is no direct or
 substantial circumstantial evidence showing James actions rose to a level that
 would support the charge of arson.  While James may have been negligent in
 failing to extinguish the cigarette pack before leaving the mobile home, the
 State failed to present sufficient evidence he acted in a willful and
 intentional manner.  Consequently, the family court erred in denying James
 motion for a directed verdict on the arson charge.
II.  Burglary in
 the Third Degree
South Carolinas burglary statute provides a person is guilty of burglary in the third
 degree if the person enters a building without consent and with intent to
 commit a crime therein.  S.C. Code Ann. § 16-11-313(A) (Supp. 2007). 
In this case,
 it is uncontroverted James entered the mobile home without the owners
 permission, as the owner testified she never gave James permission to go on the
 property.  Thus, the determinate factor is whether James entered the mobile
 home with the intent to commit a crime.  
There is no
 requirement that the intent element is satisfied only by proving an intent to
 commit the specific crime that is charged in the indictment as an aggravating
 circumstance.  Pinckney v. State, 368 S.C. 502, 505, 629 S.E.2d 367,
 369 (2006).  The only requirement is that the person has the intent to commit
 any crime at the time of entry.  Id.  The persons actions after
 entering the dwelling can be evidence in determining whether the person had the
 intent to commit a crime at the time of entry.  State v. Pinckney, 339
 S.C. 346, 349, 529 S.E.2d 526, 527 (2000).  Further, to constitute burglary, it
 is not necessary the intended crime be committed or the person be convicted of
 the intended crime.  State v. Peterson, 336 S.C. 6, 7, 518 S.E.2d 277,
 278 (Ct. App. 1999).
In this case,
 the State argued James entered the mobile home with the intent to commit a
 crime.  The State first contended James entered the mobile home with the intent
 to commit arson, as he wanted to burn the mobile home to conceal he had entered
 it without permission.  This assertion mirrors the juvenile petition, which
 stated the burglary charge was supported by James unlawful entry coupled with
 the intent to commit arson.  As explained above, the evidence does not support
 a charge of arson.  
The State
 further argued that based on James prior burglary of a neighbors storage
 shed,[3] the family court could infer intent to commit larceny on the day in question.  However,
 the State failed to produce any evidence, either direct or circumstantial, that
 James stole any property or intended on that specific occasion to enter the
 mobile home for the purpose of stealing property.  James and T.J.s testimony
 contradicts this assertion as well.  
James counsel
 claimed at the directed verdict stage that while the investigating officer
 argued James act of underage smoking was a crime, James entry into the mobile
 home with the intent to smoke cigarettes would not support a charge of third-degree
 burglary.  
While the sale
 or purchase of tobacco products to a minor is illegal, if a minor under the age
 of eighteen buys or possesses tobacco products, the minor commits only a non-criminal
 offense and is subject to a civil fine of twenty-five dollars.  S.C. Code Ann.
 §§ 16-17-500(A), (E)(1), (E)(2)  (Supp. 2007).  The statute specifically states
 that a violation of this subsection is not a criminal or delinquent offense
 and no criminal or delinquent record may be maintained.  § 16-17-500(E)(5). 
 Consequently, this argument is without merit. 
CONCLUSION
The State failed
 to present any direct or substantial circumstantial evidence to establish James
 was guilty of third-degree arson or third-degree burglary.  Without more than a
 mere suspicion of guilt, the family court erred in failing to grant James
 motions for directed verdicts on the arson and burglary charges.
Therefore, the
 order of the family court is    
REVERSED.[4]
SHORT,
 WILLIAMS, JJ., and GOOLSBY, A.J., concur.

[1] James was initially
 charged with burglary in the second degree and arson in the third degree for
 the mobile home incident and burglary in the third degree for a separate
 incident.  The State moved to amend its petition from a charge of burglary in
 the second degree to burglary in the third degree, which the family court
 granted.  James pled guilty to the third-degree burglary charge stemming from
 the separate incident and requested a trial on the remaining two charges.  
[2] James appealed
 the family courts ruling pursuant to Anders v. California, 386 U.S. 738
 (1967).  James appellate counsel filed a brief along with a petition to be
 relieved, stating her examination of the record indicated the appeal was
 without merit.  Following our Anders review, this Court ordered the
 parties to brief the following issue: Whether the family court properly denied
 James motions for directed verdicts on the charge of arson in the third degree
 and burglary in the third degree.  This issue is now our sole appellate
 consideration.
[3] The record
 fails to fully establish the details of the storage shed incident.  It appears
 from the record that James admitted to removing several dishes and appliances
 from a neighbors shed prior to this incident and selling them to another
 individual for five dollars per box.  James pled guilty to this burglary charge
 and does not appeal this ruling. 
[4] We decide this
 case without oral argument pursuant to Rule 215, SCACR.